UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY CLAYTON A.,<br><br>                  Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | Case No. C24-0086 RSM<br><br>**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff seeks review of the denial his application for Supplemental Security Income. Dkt. 10. Plaintiff contends the ALJ committed several errors and argues that based on those errors, the Court must remand for an award of benefits, or alternatively remand for further proceedings. *Id*. at 2. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

In his Opening Brief, Plaintiff assigns the following errors to the ALJ's decision: improper evaluation of medical opinion evidence, improper evaluation of his symptom testimony, failure to include relevant limitations in his residual functional capacity (RFC), and misconstruction of the testimony of the vocational expert. Dkt. 10 at 1. Plaintiff further

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 1

contends that based on these errors, the Court must remand the matter for an award of benefits, or alternatively for further administrative proceedings. *Id*.

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 20140)). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). Only if the first two steps are satisfied can the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. And "[e]ven if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

Defendant avers there are several outstanding issues that would benefit from remanding for further proceedings. Dkt. 16 at 2–3. Specifically, Defendant argues the Court should remand so the ALJ can reevaluate Plaintiff's RFC and the medical opinion evidence. *Id*. at 3. In his Reply, Plaintiff, after reviewing Defendant's Response, concedes this case does not present the "rare circumstances" that would warrant a remand for an award of benefits. Dkt. 17 at 2. Given Plaintiff's concession, the Court accordingly remands this matter for further proceedings.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 2

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Plaintiff's RFC and the medical opinion evidence.

DATED this 30th day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE